UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CONTEMPT OF MATTHEW
AARON SIMPSON, II.

                                                                      Misc. Case No. 25-mc-51351
                                                                      Hon. David M. Lawson

_____/

## ENTRY FINDING DEFENDANT IN DIRECT, CRIMINAL CONTEMPT OF COURT FOR ACTIONS OCCURRING ON NOVEMBER 5, 2025

During proceedings conducted in open court on this date, Matthew Aaron Simpson, II, who nominally appeared as a plaintiff without an attorney, became disruptive and interfered with proceedings in his civil case. Simpson filed a civil action without an attorney against a credit reporting agency on December 5, 2024, alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. *See Simpson v. Experian*, Case No. 24-13243 (E.D. Mich.). The Court had referred the case to the assigned magistrate judge to conduct pretrial proceedings. The magistrate judge filed a certification on September 23, 2025 that pretrial proceedings were completed. The Court thereafter held an in-court conference on October 9, 2025 to establish further case management dates, including a trial date. When the parties appeared on that date, it became apparent that the plaintiff was not prepared to proceed and wanted to raise additional grievances against the credit reporting agency that arguably were not in the original complaint. The Court instructed the plaintiff to gather a list of the items on the latest credit report that he believed were incorrect and provide it to defense counsel, and then the parties were to meet to see if they could come to a resolution short of trial. The Court continued the status conference to today, November 5, 2025.

In the meantime, Simpson filed a motion asking the Court to "clarify" that he "appears as the Authorized Representative, Executor, and beneficiary of the estate styled 'MATTHEW

AARON SIMPSON II.'" *Simpson v. Experian*, Case No. 24-13243, ECF No. 26. The Court denied the motion. *Id.*, ECF No. 30.

The Court was called to order today at 11:14 a.m. and the case was called. When asked by the Court, Simpson refused to identify himself for the record. The Court repeated its instruction for the plaintiff to state his name, but he continued to refuse to provide his name and instead attempted to make a lengthy statement about other matters. The Court moved on, and after counsel for the defendant placed his appearance on the record, began to summarize for the record the history of the case. Simpson interrupted the Court and attempted to make a statement. The Court directed plaintiff Simpson to desist from speaking and to sit down. The Court warned the plaintiff that if he did not, he would be found in criminal contempt of court and taken into custody. Simpson protested that he could not be placed in jail in a civil case. The Court explained that disruptive conduct amounted to direct criminal contempt of court. The plaintiff protested and stated repeatedly in response to the Court's questions that he did not understand.

The Court nevertheless attempted to move on to inquire of the plaintiff about any developments in the case since the last status conference. Simpson did not answer that question either, electing to make another statement regarding his status as "authorized representative" for an estate by the name of Matthew Aaron Simpson, II. The Court asked the plaintiff whether he was an attorney, but he refused to answer. The Court then inquired whether the plaintiff was "Matthew Aaron Simpson, II," the individual who signed the complaint. The plaintiff again responded, "I do not understand," and repeated the statement again when the Court inquired whether he had filed the complaint in this case. The plaintiff then requested permission to approach the bench to present a document to the Court that purported to constitute authorization

by "God" to bring claims on behalf of Matthew Aaron Simpson, II.  The Court reviewed the document, which, suffice it to say, did not clearly indicate God's intentions.

As the Court attempted to summarize the document's contents for the record, the plaintiff again interrupted.  The Court directed him to be quiet and proceeded to rule that the matter should be dismissed for failure to prosecute based on the plaintiff's assertions that he was not the individual who filed the complaint and his refusal to answer the Court's questions.  After issuing its ruling, the Court asked the attorney for the defendant whether he had anything further for the record.  The plaintiff interrupted to state that he would be appealing the dismissal to the Supreme Court because of this Court's "treason."  The Court directed the plaintiff to be quiet, but the plaintiff refused, talked over the Court despite the order to keep quiet, and continued with an extended statement that, among other things, inquired whether the undersigned had taken the bar exam or sworn an oath on the Bible.  Simpson again refused to stop talking and take his seat, which disrupted the orderly proceedings in open court.

Based on the foregoing, the Court finds beyond a reasonable doubt that Simpson's conduct in open court this date constituted misbehavior; the misbehavior amounted to an obstruction of the administration of justice; the conduct occurred in the Court's presence; and Simpson intended to obstruct the orderly conduct of the Court's business in the civil case called for hearing.  Simpson's conduct was a volitional act, and he knew or reasonably should have been aware that his conduct was wrongful, as evidenced by the fact that he persisted in his interruptions after the Court warned him of the consequences.  He, therefore, is in direct, criminal contempt of Court.  *See Vaughn v. City of Flint*, 752 F.2d 1160 (6th Cir. 1985); Fed. R. Crim. P. Rule 42(b).

Accordingly, in conformity with Rule 42(b) of the Federal Rules of Criminal Procedure, I hereby **CERTIFY** that the aforementioned misconduct — including the plaintiff's persistent

interruptions, failure to obey the Court's order to refrain from speaking, and refusal to answer the Court's questions — was committed in my presence and heard by me.  The foregoing conduct obstructed and disrupted the court in its administration of justice.

It is therefore **ORDERED AND ADJUDGED** that Matthew Aaron Simpson, II is in direct criminal contempt of court and **SENTENCED** to three (3) days in the custody of the United States Attorney General.

It is further **ORDERED** that Matthew Aaron Simpson, II be committed to the custody of the United States Marshal for this district, and he must cooperate in the processing and booking procedures customarily used to lodge prisoners.  The U.S. Marshal and his deputies may use all reasonable means to compel compliance.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 5, 2025